IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO.4:03-CR-055-Y |
| | § | (CIVIL NO.4:03-CV-1434-Y) |
| PETER C. ADIEME | § | |

OPINION AND ORDER DISMISSING, IN PART, AND DENYING MOTION FOR
RELIEF UNDER 28 U.S.C. § 2255, and DENYING REQUEST FOR TIME SERVED

Now pending before the Court is defendant Peter C. Adieme's motion under 28 U.S.C. § 2255. The government filed a response, and Adieme then filed a reply. After careful consideration and review of defendant Adieme's motion under § 2255, the government's response, Adieme's reply, and the applicable law, and after an examination of the file and record in this case, the Court determines that the motion under 28 U.S.C. § 2255 must be dismissed in part, and denied as to the remainder, for the reasons stated by the government and as set forth here.[1]

Adieme seeks relief under 28 U.S.C. § 2255 on ten grounds: (1) there was insufficient evidence to convict him; (2) the conviction was obtained through a coerced confession; (3) he did not understand the charges against him; (4) the government withheld evidence that was favorable to him; (5) he was unaware that he was waiving his rights to appeal or to seek collateral review when he pleaded guilty; (6) the Court failed to advise him he could appeal;

---

[1]Because the Court has determined that Adieme is not entitled to relief under 28 U.S.C. § 2255, he is not entitled to a reduction for "time served," and his motion for such relief [docket no. 35] must also be DENIED.

(7) he was denied the opportunity to have witnesses testify on his behalf; (8) the plea was undermined when the government failed to prove its case; (9) he was not afforded counsel on appeal; and (10) he received ineffective assistance of counsel, on twenty separate allegations.[2]

The government has asserted that all of Adieme's claims are barred from review by the effect of the waiver signed and agreed to in this case. Adieme's plea agreement included the following express waiver:

> The defendant hereby waives any right to pursue any appeal or post-conviction writs from any sentence imposed under the Sentencing Guidelines if that sentence is within or below the Guideline range as determined by the Court. This waiver does not apply to appeal rights from a sentence in excess of the Guidelines range as determined by the Court. Defendant understands and agrees that this waiver does not create any right to be sentenced within or below any particular punishment range, and fully understands that determination of the sentencing range or Guideline level, as well as actual sentence imposed, is solely in the discretion of the Court.

(Plea Agreement, § 9.)  Although Adieme claims in his reply that the sentence was in excess of the applicable guideline range, he is mistaken.  The guideline range deemed applicable here was imprisonment of between zero and six months and a fine of between $250 and $5,000. (June 23, 2003, Sentencing Transcript at p. 4, 16-

---

[2]Adieme's grounds for relief are woven throughout his motion, and thus the Court has listed and addressed them in the manner organized in the government's response, including the twenty allegations of ineffective assistance of counsel (ground 10) listed on page 8 of the government's response to the motion.

19.) Thus, Adieme's sentence to a term of probation for three years and a $3,000 fine was not in excess of the guideline range, and he is not excepted from the terms of the waiver.

Thus, the inquiry must turn to whether the waiver was informed and voluntary. The Court of Appeals for the Fifth Circuit has held that "an informed and voluntary waiver of post-conviction relief is effective to bar such relief."[3] Adieme contends that he did not understand that he was waiving his right to file an appeal or to seek other review.  But a review of the record and the transcript of the rearraignment reveals otherwise. First, Adieme signed the plea agreement, including the waiver set out above. Further, at the rearraignment, Adieme was expressly advised that he was waiving his "rights of appeal," and his right to "seek post-conviction relief," and he answered "Yes" that he understood he was waiving those rights. (March 26, 2003, Rearraignment Transcript at 26, 18-22; 27, 4-5.) The Court thus concludes that the waiver of post-conviction relief was informed and voluntary and is effective to bar all of Adieme's grounds for relief except those for ineffective assistance of counsel.[4] Thus, the bulk of Adieme's grounds for relief must be dismissed with prejudice.[5]

---

[3]*United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994).

[4]*See Wilkes,* 20 F.3d at 653 (waiver of post-conviction relief may not apply to collateral attacks based upon ineffective assistance).

[5]In the alternative, Adieme's grounds for relief one through nine are DENIED for the reasons stated in the government's response at pages 2-7.

Adieme pleaded guilty to a violation of 42 U.S.C. § 408(a)(7)(B), falsely representing that a social security card was assigned, as documented in the plea agreement and a factual resume. A "defendant who voluntarily and knowingly enters a guilty plea cannot attack the ineffectiveness of his counsel in any respect other than as the alleged ineffectiveness bears upon counsel's advice that coerced a guilty plea."[6] Several of Adieme's allegations of ineffective assistance of counsel arguably relate to the voluntariness of his plea.[7] Thus, resolution of these ineffective-assistance claims must be resolved by reviewing whether Adieme knowingly and voluntarily entered the plea agreement.

A review of the record and transcript of the plea and sentencing proceedings confirms that Adieme did. Adieme signed the factual resume (including the specific recitation that he "falsely represented" to an auto lender that an employee ID number he had purchased from another was his social security number in order to "conceal my true credit history from the lender"), signed the plea agreement, and admitted to this Court, in two separate proceedings,

---

[6] *New v. Cockrell,* No. 3-00-CV-0875-G, 2002 WL 87458 (N.D.Tex. Jan. 18, 2002), *citing Barrientos v. United States,* 668 F.2d 838, 842 (5th Cir. 1982)(once a guilty plea is entered all nonjurisdictional defects are waived).

[7] Including his allegation that counsel (2) insisted that any deviation from the plea agreement would be detrimental; (3) failed to conduct relevant discussion with him about basic details of the plea; (4) failed to thoroughly review the charges with Adieme prior to entry of the plea; (6) erroneously advised Adieme to plead guilty; (7) used improper pressure to persuade Adieme to plead guilty; (9) failed to research the law before the plea; (18) did not inform Adieme about the gravity of the offense; and (19) did not inform Adieme of the sentencing guidelines.

4

that he committed all essential elements of the offense. (March 26, 2003, TR. at p. 20, 23-p.21, 21; June 23, 2003, TR. at p. 3, 9-11.) In response to specific questions at the rearraignment, Adieme stated to the Court that the stipulated facts were true. (March 26, 2003, Rearraignment TR. at p.34,15-19.) Also, by executing the plea agreement, Adieme acknowledged that he "thoroughly reviewed all aspects of the case with [his] attorney and is fully satisfied with that attorney's legal representation," and that his plea of guilty "is freely and voluntarily made." (Plea Agreement ¶¶ 13-14.) Furthermore, Adieme expressly declared "Yes" when asked whether he "voluntarily and freely entered into a written plea agreement." (March 26, 2003, TR. at p. 25, 22-23; p. 26, 5-6.) Finally, when the Court gave Adieme an opportunity to ask any questions pertaining to his case, Adieme declined. (March 26, 2003, TR. at p. 32, 21-23; p. 33, 5.) Because the record reflects that Adieme knowingly and voluntarily entered the guilty plea and acknowledged his conduct, his ineffective-assistance-of-counsel claims relating thereto must be denied. In addition, the entry of such plea bars Adieme from being able to pursue other claims of ineffective assistance, such that the remaining ineffective-assistance claims must be dismissed with prejudice.[8]

---

[8]In the alternative, the Court has reviewed Adieme's remaining claims of ineffective assistance of counsel, and concludes that Adieme has not shown, as is required under *Strickland v. Washington*, 466 U.S. 668, 687(1984), that counsel was deficient, nor has he shown prejudice by demonstrating a reasonable probability that the outcome of the proceeding would have been different with counsel he found competent, all for the reasons stated in the government's response at pages 8-11.

It is therefore ORDERED that all claims for relief in Peter C. Adieme's motion for relief under 28 U.S.C. § 2255, except for the claims of ineffective assistance of counsel relating to the voluntariness of his plea, be, and they are hereby, DISMISSED with prejudice.

It is further ORDERED that Adieme's claims of ineffective assistance of counsel relating to the voluntariness of his plea be, and they are hereby, DENIED.

It is further ORDERED that Adieme's motion for time served [docket no. 35] be, and is hereby, DENIED.

SIGNED May 24, 2005.


_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE